UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION


DARIAN ANTWAN WATTS,

v.  Case No. 8:04-cr-314-T-24MAP
    8:07-cv-665-T-24MAP

UNITED STATES OF AMERICA.

_____

## O R D E R

This cause is before the Court on Defendant Watts' second amended motion to vacate, set aside, or correct an allegedly illegal sentence pursuant to 28 U.S.C. § 2255. (Doc. cv-7; cr-94). Because review "of the motion and the file and records of the case conclusively show that the defendant is entitled to no relief," the Court will not cause notice thereof to be served upon the United States Attorney but shall proceed to address the matter. *See* 28 U.S.C. § 2255.

PROCEDURAL HISTORY

Watts was found guilty, after a jury trial, of felon in possession of a firearm and ammunition in violation of 18 U.S.C. § 922(g) and § 924(e). On April 15, 2005, the Court sentenced Watts to 210 months incarceration. Judgment was entered that same day.

Watts appealed. The United States Court of Appeals for the Eleventh Circuit affirmed the conviction and sentence on December 16, 2005, holding:

(1) sentencing under Armed Career Criminal Act based on prior convictions did not violate defendant's right to trial by jury, and

(2) any error in court's failure to make explicit finding that defendant's three qualifying prior convictions were committed on separate occasions was harmless.

In support, the Eleventh Circuit stated:

Darian Antwan Watts was indicted for possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g) and 924(e). The indictment listed his prior convictions for purposes of § 924(e) and the Armed Career Criminal ("ACCA") provision, U.S.S.G. § 4B1.4, as two robbery convictions and convictions for possession of cocaine and carrying a concealed weapon.

The testimony at trial established that Watts was waving a gun in the air during a block party in River Front Park. Police ordered Watts to drop the weapon, but Watts ran. Police gave chase, during which the gun fell on the ground. After the police caught Watts and read him his rights, Watts stated that he bought the gun for protection and that he knew it was illegal for him to possess it.

Watts stipulated that he had a prior felony conviction, and, therefore, the government did not introduce evidence of his prior convictions at trial. At the close of the government's case and again at the close of all the evidence, Watts moved for judgment of acquittal, asserting, inter alia, that the three prior convictions required for application of § 924(e) and the ACCA had not been proven to the jury under *Blakely v. Washington*, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004). The court denied the motion, finding that *Blakely* did not apply to prior convictions. The jury convicted Watts.

The probation officer prepared a presentence investigation report ("PSI"), assigning a base offense level of 24 under U.S.S.G. § 2K2.1(a)(2). The probation officer noted the following prior convictions: On May 23, 1995, Watts was convicted of robbery, attempted robbery, possession of cocaine, and carrying a concealed weapon. With a two-level increase under § 2K2.1(b)(4), the adjusted offense level was 26, but that level was increased to 33 under U.S.S.G. § 4B1.4(a) because Watts was a career criminal. The probation officer then calculated Watts's criminal history at level VI, which resulted in an advisory guideline range of 235 to 293 months imprisonment. Under § 924(e), however, there was a mandatory minimum sentence of 15 years imprisonment.

Watts objected to his criminal history, asserting that at least one of the

convictions should not have been counted because he did not have assistance of counsel. He also reiterated his objection to the application of § 924(e) and the ACCA because the jury had not found that he had three prior felony convictions that occurred on three separate occasions.

At sentencing, which occurred after the U.S. Supreme Court's decision in *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), the district court sustained part of Watts's objection to his criminal history points and reduced his criminal history category to V, which resulted in an advisory guideline range of 210 to 262 months imprisonment. Addressing Watts's *Booker* (formerly *Blakely*) challenge, the court noted that the issue was not proven to the jury because Watts had stipulated to his prior conviction for purposes of § 922(g). Although Watts requested a jury trial on his prior convictions, the court found that *Booker* did not require the prior convictions be proven to a jury, even after the U.S. Supreme Court's decision in *Shepard v. United States*, 544 U.S. 13, 125 S.Ct. 1254, 161 L.Ed.2d 205 (2005). The court then reviewed the criminal informations and judgments and convictions from Watts's prior offenses. [FN1] The court noted that Watts had been convicted of three offenses on May 23, 1995. Although convicted on the same day, Watts committed the offenses on different days. In case number 95-103, Watts was convicted of robbery that occurred on November 30, 1994. Watts also had been convicted in case number 94-16767 of four counts of robbery and one count of attempted robbery, as well as possession of marijuana, which occurred on December 5, 1994. Finally, in case number 94-02148, Watts had been convicted of possession of cocaine and carrying a concealed weapon, which occurred on February 16, 1994.

> FN1. Watts objected that the court could not look behind the offense of conviction to the facts of the charges to determine if it was a violent felony under the ACCA.

Based on these prior convictions, the court determined that Watts had three qualifying offenses under § 924(e) and the ACCA. The court considered the advisory guidelines and the mandatory minimum sentence and found that a sentence of 210 months imprisonment met the goals of 18 U.S.C. § 3553(a) for punishment, protection, and deterrence.

On appeal, Watts argues that any enhancement based on his prior convictions had to be proven to a jury beyond a reasonable doubt in light of Booker and Shepard. He also challenges whether his prior conviction for carrying a concealed weapon qualified as a predicate offense, although he concedes that this court has rejected his argument. Finally, he contends that the court failed to make the requisite finding that the offenses occurred on three separate occasions.

Because Watts preserved his *Booker* challenge in the district court, we review the sentences de novo but will reverse only if the error was not harmless. *United States v. Paz*, 405 F.3d 946, 948 (11th Cir.2005). Purely legal questions also are reviewed de novo. *United States v. Camacho-Ibarquen*, 410 F.3d 1307, 1311 (11th Cir.), *cert. denied*, --- U.S. ----, 126 S.Ct. 457, 163 L.Ed.2d 347 (2005). "Whether two crimes constitute a single criminal episode or two separate felonies for purposes of section 924(e) is an issue of law, which [this court] review[s] de novo." *United States v. Miles*, 290 F.3d 1341, 1346 (11th Cir.2002).

A defendant is subject to enhanced penalties under § 924(e) and the ACCA if he "violates section 922(g) of this title and has three previous convictions ... for a violent felony or a serious drug offense, or both, committed on occasions different from one another." 18 U.S.C. § 924(e)(1) (emphasis added); U.S.S.G. § 4B1.4, comment. (n.1).

Watts's arguments have no merit. First, this court has rejected Watts's claim that prior convictions must be proven to a jury, and this holding is not altered by *Shepard*. *United States v. Glover*, 431 F.3d 744, ---- - ----, manuscript op. at 8-9 (11th Cir.2005); *Camacho-Ibarquen*, 410 F.3d at 1311; *United States v. Orduno-Mireles*, 405 F.3d 960, 962-63 (11th Cir.), *cert. denied*, --- U.S. ----, 126 S.Ct. 223, 163 L.Ed.2d 191 (2005).

Second, there is no Sixth Amendment violation when the court determines whether a prior conviction is a qualifying offense. [FN2] *Glover*, manuscript op. at 9 (discussing "crime of violence" under U.S.S.G. § 4B1.2); *United States v. Gallegos-Aguero*, 409 F.3d 1274, 1276-77 (11th Cir.2005) (discussing qualifying offenses under U.S.S.G. § 2L1.2(b)(1)(A)(vii)).

> FN2. Although Watts preserved his objection to the court's factual findings that his offenses were predicate offenses, Watts did not object to the facts of his prior convictions. Because he did not object to these findings, they are deemed admitted. *United States v. Burge*, 407 F.3d 1183, 1191 (11th Cir.), *cert. denied, --- U.S. ----*, 126 S.Ct. 551, 163 L.Ed.2d 467 (2005).

Third, Watts's prior conviction for carrying a concealed weapon is a qualifying offense. *United States v. Hall*, 77 F.3d 398, 401 (11th Cir.1996).

Finally, although the district court did not make an explicit finding that the offenses occurred on three separate occasions, this error was harmless and does not require reversal. At sentencing, the court reviewed the information from each offense and listed the dates on which the offenses occurred even though the offenses were adjudicated and sentenced on the same day. [FN3]

> FN3. Although Watts contends that the court's review of the information and

4

> judgment and conviction was improper, his argument is misplaced. As this court explained "[w]hen a court considers the application of a sentencing enhancement it should generally follow a 'categorical approach' and 'consider only the fact of conviction and the statutory definition of the prior offense.' " *United States v. Burge*, 407 F.3d 1183, 1187 (11th Cir.), cert. denied, --- U.S. ----, 126 S.Ct. 551, 163 L.Ed.2d 467 (2005). However, "the district court 'may look behind the judgment of conviction when it is impossible to determine from the face of the judgment or statute whether the prior crime satisfies the enhancement statute.' " *Id.* In such cases, the district court's review "is limited to the terms of the charging document, the terms of a plea agreement or transcript of colloquy between judge and defendant ... or to some comparable judicial record of this information." *Id.* (citing *Shepard*, 125 S.Ct. at 1263).

Here, the court properly reviewed the charging documents to determine that the offenses occurred on three separate occasions as required by the statute. According to the informations, Watts committed his prior offenses on February 16, November 30, and December 5, 1994. The fact that he was adjudicated guilty and sentenced for all three on the same day does not alter the fact that he committed the offenses on separate occasions. [FN4] Therefore, as the plain language of the statute requires, Watts's prior convictions occurred on "occasions different from one another" and, therefore, were qualifying offenses. See 18 U.S.C. § 924(e)(1). Thus, even if the court erred by not explicitly finding that the offenses occurred on different occasions, the error was harmless, and we AFFIRM.

> FN4. See, e.g., *United States v. Hernandez-Martinez*, 382 F.3d 1304 (11th Cir.2004) (holding that prior sentences were not consolidated and, therefore, not related under U.S.S.G. § 4A1.2 where the offenses occurred on different days and involved different victims, were docketed separately and received separate judgments even though they were sentenced before the same judge on the same day).

*United States v. Watts*, 159 Fed. Appx. 923. (Doc. cr-83).

The United States Supreme Court denied certiorari on April 17, 2006. *Watts v. United States*, 126 S.Ct. 1824 (2006).

## PRESENT MOTION TO VACATE

Watts signed his *original* 28 U.S.C. § 2255 motion to vacate on April 11, 2007, and filed the motion on April 17, 2007. The amended motion to vacate before the Court is timely.

DISCUSSION

Ground One

Watts alleges that trial counsel was ineffective "when he erroneously withdrew Petitioner's motion to dismiss complaint for Title 18 U.S.C. § 3161(b) violation without investigating the facts of the case. My lawyer withdrew my valid speedy trial violation motion without investigating the facts of my case."

Title 18 U.S.C. § 3161(b) states:

(b) Any information or indictment charging an individual with the commission of an offense shall be filed within thirty days from the date on which such individual was arrested or served with a summons in connection with such charges. If an individual has been charged with a felony in a district in which no grand jury has been in session during such thirty-day period, the period of time for filing of the indictment shall be extended an additional thirty days.

However, in order to trigger the thirty-day time limit under the Federal Speedy Trial Act (the Act), both a *federal* complaint and a *federal* arrest and/or *federal* summons are required. An "arrest," under the Act, consists of a *federal* arrest on a *federal* charge. A federal complaint and federal detainer filed against a defendant in state custody does not constitute an "arrest" for purposes of the Act. Thus, the thirty-day speedy trial period never begins to run against a defendant who is the subject of a federal complaint, arrest warrant, and detainer while in state custody until he is placed under federal arrest. *United States. v. McGrier*, 848 F. Supp. 649 (S.D. W. Va. 1994), *decision aff'd*, 55 F.3d 144 (4th Cir. 1995) *and aff'd*, 91 F.3d 135 (4th Cir. 1996).

Watts was arrested and detained by state authorities on May 23, 2004. He was released from state custody on a surety bond on May 24, 2004. Then he was re-arrested and detained by state authorities on June 3, 2004, pursuant to new charges. However, his

6

custody was not transferred to federal authorities until June 30, 2004.

Watts came into federal custody on June 30, 2004, and his initial appearance in federal court before the United States Magistrate Judge was on June 30, 2004. The Government filed the Indictment on July 21, 2004, within the thirty-day period. The Government complied with the requirements of 18 U.S.C. § 3161(b).

To prevail on a claim of ineffective assistance of counsel, Watts must meet the two-part test set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). *Strickland*'s two-part test requires Watts to demonstrate that counsel's performance was deficient and "there was a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* Watts cannot meet either prong of the *Strickland* test as to ground one because there was no violation of 18 U.S.C. § 3161(b) or Watts' speedy trial rights. Ground one does not warrant relief.

## Grounds Two and Three

In ground two, Watts alleges that the trial court erred by sentencing him as an armed career criminal in violation of the Sixth Amendment. He contends that:

> The district court erred in sentencing me as an Armed Career Offender without my prior conviction being proven to a jury beyond a reasonable doubt or admitted to be me.

In ground three, Watts alleges that the trial court violated his Due Process rights. Watts contends that the trial court erred in finding that a conviction for carrying a concealed weapon qualified as a violent felony under the Armed Career Criminal Act.

Watts raised grounds two and three on direct appeal and the claims were resolved against him. "The district court is not required to reconsider claims of error that were raised and disposed of on direct appeal." *United States v. Nyhuis*, 211 F.3d 1340, 1343 (11th Cir.

7

2000); *see also United States v. Rowan*, 663 F.2d 1034, 1035 (11th Cir.1981). If a claim has previously been raised on direct appeal and decided adversely to a defendant, it cannot be re-litigated in a collateral attack under § 2255 . *See Nyhuis*, 211 F.3d at 1343. Furthermore, "[a] rejected claim does not merit rehearing on a different, but previously available, legal theory." *Id.* Because Watts' substantive claims were raised and resolved in Watts's direct appeal, this Court will not reconsider those claims. Grounds two and three do not warrant relief.

### Ground Four

Watts alleges that his counsel was ineffective at sentencing because he failed to object to the nature of Watts' prior convictions and to argue that "such prior convictions did not qualify for the ACCA as mandated under the procedures announced in *Taylor* and *Shephard*."

Ground four does not warrant relief because counsel *did object* at sentencing to the nature of Watts' prior convictions and he argued extensively that the convictions did not qualify as predicates under the ACCA. (See Doc. cr-81 [Transcript of Sentencing Hearing] at pp. 8-49). Watts cannot prevail on an ineffective assistance of counsel claim under *Strickland* because counsel's performance was not deficient.

Accordingly, the Court orders:

That Watts' amended motion to vacate (Doc. cv-7; cr-94) is denied, with prejudice. The Clerk is directed to enter judgment against Watts in the civil case and to close that case.

**CERTIFICATE OF APPEALABILITY AND
LEAVE TO APPEAL IN FORMA PAUPERIS DENIED**

IT IS FURTHER ORDERED that Defendant is not entitled to a certificate of appealability. A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability (COA). *Id.* "A [COA] may issue ⋯ only if the applicant has made a substantial showing of the denial of a constitutional right." *Id.* at § 2253(c)(2). To make such a showing, Defendant "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,' " *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n. 4 (1983)). Defendant has not made the requisite showing in these circumstances.

Finally, because Defendant is not entitled to a certificate of appealability, he is not entitled to appeal in forma pauperis.

ORDERED at Tampa, Florida, on June 26, 2007.

*Susan C. Bucklew*
SUSAN C. BUCKLEW
United States District Judge

AUSA: Eduardo E. Toro-Font
Darian Antwan Watts